Gregg Roberts
43430 E Florida Ave F293
Hemet CA 92544
951-350-5371
gregg@legalsupport-sc.com
Plaintiff, Assignee and Judgment Creditor, Pro Se

FILED
SEP 04 2026
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>MARK R. JOHNSON and LINDA M. JOHNSON,<br>Debtors.<br><br>GREGG ROBERTS,<br>Plaintiff,<br><br>v.<br><br>MARK R. JOHNSON,<br>Defendant. | Case No. 6:26-bk-14477-RB<br><br>Chapter 7<br>Adv. Proc. No. ______________________<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)** |

Plaintiff Gregg Roberts ("Roberts"), as assignee and current owner of the judgment and claim described below, alleges as follows based on court records, documentary evidence, and information and belief:

## I. NATURE OF ACTION

1. This adversary proceeding relates to *In re Mark R. Johnson and Linda M. Johnson*, Case No. 6:26-bk-14477-RB, Chapter 7, pending in the United States Bankruptcy Court for the Central

7. Venue is proper in this District under 28 U.S.C. § 1409(a) because the underlying bankruptcy case is pending in this Court.

8. Johnson and his spouse, Linda M. Johnson, commenced the underlying Chapter 7 case on May 31, 2026. The bankruptcy case is Case No. 6:26-bk-14477-RB. Linda M. Johnson is not named as a defendant in this adversary proceeding, and Roberts seeks no determination under § 523(a)(6) against her through this Complaint.

9. The deadline under Federal Rule of Bankruptcy Procedure 4007(c) to file a complaint under § 523(a)(6) is September 8, 2026. This Complaint is timely.

## III. PARTIES AND OWNERSHIP OF THE CLAIM

10. Plaintiff Gregg Roberts is an individual residing in Hemet, California. Roberts is the current assignee and owner of the state-court judgment and corresponding prepetition claim described below.

11. Defendant Mark R. Johnson is an individual Chapter 7 debtor in the underlying bankruptcy case.

12. On March 12, 2025, the Riverside County Superior Court entered judgment in Case No. CVSW2303523 in favor of Tyler Dawsey and against Naughty Pig Butchery, Inc. and Mark Johnson, individually, in the total amount of $46,423.94.

13. After entry of judgment, Dawsey assigned the judgment to Arden Silverman DBA Capital Asset Protection ("Silverman"). The state-court record reflects acknowledgments of that assignment, including amended acknowledgments.

14. On July 15, 2026, Silverman assigned to Roberts all of Silverman's right, title, and interest in the judgment. Roberts thereafter submitted an acknowledgment of assignment to the

Riverside County Superior Court. As of the filing of this Complaint, processing of that acknowledgment is not yet reflected in the state-court registry of actions.

15. Roberts is therefore the present owner and real party in interest with respect to the judgment debt and the corresponding claim against Johnson.

## IV. THE UNDERLYING EMPLOYMENT AND JOHNSON'S CONDUCT

16. Dawsey began working for Naughty Pig Butchery, Inc. on or about February 1, 2022 as a butcher. His initial hourly rate was $18.00 and was later increased to $20.00.

17. Johnson was Dawsey's manager and the owner and managing agent of Naughty Pig Butchery, Inc. Johnson exercised substantial independent authority over the business and its operations.

18. Dawsey and other employees were told that payroll would be weekly and that they would be paid each Friday. In practice, pay was repeatedly delayed from Friday to Monday, then to the next Friday, and sometimes into the following week. Even when Dawsey received payment, he was not always paid for all hours worked.

19. Naughty Pig paid Dawsey at various times by cash, Venmo, and check. Many of the checks issued to Dawsey were dishonored, causing returned-check charges.

20. Dawsey confronted Johnson about the unpaid wages on a weekly basis. Johnson repeatedly made excuses and assured Dawsey that the unpaid balance would be paid the following week.

21. Johnson repeatedly directed Dawsey to drive to the store to pick up a paycheck. On multiple occasions Dawsey arrived and Johnson was not there, leaving Dawsey waiting without receiving the promised wages.

22. The wage violations were not limited to delayed payroll. The state-court action also alleged, among other things, unpaid overtime and minimum wages, missed meal and rest-period compensation, inaccurate wage statements, failure to reimburse necessary business expenses, and failure to timely pay final wages. The state complaint sought individual liability against Johnson on the wage-and-hour claims, including under California Labor Code § 558.1.

23. By early August 2022, Dawsey had gone almost a month without receiving a paycheck. On August 5, 2022, Dawsey telephoned Johnson and told him that he would not return to work until the wages already due and owing were paid.

24. Johnson told Dawsey that he could not pay the entire amount but could make a partial payment, and directed Dawsey to meet him at the store. Dawsey drove to the store and waited, but Johnson again failed to appear.

25. Dawsey then asked Linda Johnson whether she could pay him. She told Dawsey that the amount owed was a matter for Mark Johnson, but gave Dawsey $200 from the cash register. Dawsey informed Johnson that he was quitting and demanded his remaining back pay. Dawsey received no further payment from Johnson.

26. Johnson therefore had repeated, direct, personal notice that Dawsey was working without receiving all of the wages due to him. Johnson knew of the repeated dishonored checks, received weekly complaints, made repeated promises of future payment, and received a direct demand for the wages before Dawsey quit.

27. Despite that actual knowledge, Johnson continued to accept the benefit of Dawsey's labor while the wage arrears accumulated. Based on the repeated complaints, dishonored checks, promises, and direct demand for payment, Johnson actually knew that continued

nonpayment was substantially certain to deprive Dawsey of earned compensation and thereby cause economic injury.

28. The conduct alleged here was not a single inadvertent payroll error. It was a repeated course of conduct continuing over a period of months after Johnson had actual notice that wages remained unpaid.

## V. STATE-COURT PROCEEDINGS AND JUDGMENT

29. Dawsey filed the state-court complaint on May 2, 2023 against Naughty Pig Butchery, Inc. and Johnson. The complaint asserted multiple California wage-and-hour claims and alleged Johnson's personal participation in the conduct described above.

30. Johnson answered the state-court complaint on July 31, 2023.

31. On June 17, 2024, after Johnson failed to appear at a Trial Setting Conference and the related Order to Show Cause proceeding, the state court ordered Johnson's Answer stricken.

32. On June 18, 2024, Dawsey filed a Request for Entry of Default specifically against "Mark Johnson, an individual," and the clerk entered Johnson's default that same day.

33. On January 2, 2025, Dawsey filed an application requesting a court judgment under California Code of Civil Procedure § 585(b) against both Naughty Pig Butchery, Inc. and Mark Johnson, individually.

34. In support of the requested judgment, Dawsey submitted a sworn declaration describing the repeated late and unpaid wages, dishonored checks, weekly confrontations with Johnson, repeated promises of payment, and the August 5, 2022 demand for wages. The declaration also authenticated supporting bank records, pay records, returned-check notices, text messages, and a damages accounting.

35. The state court entered a court judgment by default, rather than a clerk's judgment. The judgment form reflects that the court considered Dawsey's testimony and other evidence, as well as his written declaration, before entering judgment.

36. On March 12, 2025, judgment was entered against Naughty Pig Butchery, Inc. and Mark Johnson, individually, for $46,423.94. The judgment is a prepetition debt owed by Johnson.

## VI. FIRST CLAIM FOR RELIEF

### (11 U.S.C. § 523(a)(6) - Willful and Malicious Injury)

37. Roberts realleges and incorporates paragraphs 1 through 35 as though fully set forth herein.

38. Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

39. Under *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998), § 523(a)(6) requires a deliberate or intentional injury, not merely a deliberate act that happens to cause injury.

40. Under *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir. 2001), the willfulness requirement is satisfied when the debtor had a subjective motive to inflict injury or subjectively believed that injury was substantially certain to result from his conduct. *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1145-46 (9th Cir. 2002), confirms that the substantial-certainty inquiry is subjective.

41. *Jercich* further holds that a malicious injury involves a wrongful act, done intentionally, which necessarily causes injury and is done without just cause or excuse. 238 F.3d at 1209. *Jercich* also recognizes that, under California law and appropriate circumstances, willful nonpayment of wages can constitute tortious conduct supporting nondischargeability under § 523(a)(6). *Id.* at 1206-09.

42. Johnson personally knew that Dawsey had earned wages that remained unpaid. That knowledge was not inferred from a single payroll mistake: Dawsey confronted Johnson weekly, checks repeatedly were dishonored, Johnson repeatedly promised payment, and Dawsey ultimately made a direct demand after nearly a month without a paycheck.

43. Johnson nevertheless continued the course of conduct described above and continued to accept Dawsey's labor while the unpaid balance accumulated.

44. Johnson subjectively knew that continued withholding of earned wages was substantially certain to injure Dawsey by depriving him of compensation already earned.

45. The repeated withholding of earned compensation after actual notice was wrongful and intentional. The resulting deprivation of wages necessarily caused economic injury to Dawsey and, under the facts alleged, was without just cause or excuse. Even if Johnson lacked sufficient funds to pay the entire balance at particular moments, that circumstance does not explain the repeated pattern of continuing to accept labor, issuing checks that were dishonored, directing Dawsey to return for promised payment, and allowing wage arrears to increase after repeated actual notice.

46. Johnson's conduct therefore caused a willful and malicious injury within the meaning of § 523(a)(6).

47. The judgment debt arose from the employment-related course of conduct described above. Roberts contends that the entire judgment debt, including accrued postjudgment interest and lawful costs, is excepted from discharge. Alternatively, to the extent the Court determines that allocation is required, Roberts seeks a determination that every portion of the judgment traceable to Johnson's willful and malicious injury, together with associated interest, fees, and costs, is nondischargeable.

48. As present assignee and owner of the judgment, Roberts is entitled to a determination of nondischargeability in his favor and against Johnson.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gregg Roberts respectfully requests judgment as follows:

A. Determining that the debt owed by Mark R. Johnson and evidenced by the March 12, 2025 judgment in Riverside County Superior Court Case No. CVSW2303523, together with accrued postjudgment interest and lawful costs, is excepted from discharge under 11 U.S.C. § 523(a)(6);

B. Alternatively, determining the amount of the judgment debt attributable to Johnson's willful and malicious injury and declaring that amount, together with associated interest, fees, and costs, excepted from discharge under 11 U.S.C. § 523(a)(6);

C. Awarding Roberts his taxable costs incurred in this adversary proceeding; and

D. Granting such other and further relief as the Court deems just and proper.

DATED: September 4, 2026.

Gregg Roberts
Plaintiff, Assignee and Judgment Creditor,
Pro Se

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Gregg Roberts | **DEFENDANTS**<br>Mark R. Johnson |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Pro se | **ATTORNEYS** (If Known)<br>Kevin Tang, Tang & Associates<br>17011 Beach Blvd, Suite 900<br>Huntington Beach, CA 92647 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Nondischargeability of Debt, 11 USC § 523(a)(6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ $46,423.94 plus interest as allowed by law |

Other Relief Sought

Costs, and such other and further relief as the Court deems just and proper.

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Mark R Johnson and Linda M Johnson | BANKRUPTCY CASE NO.<br>6:inin26-BK-14477-RB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Hon. Reyes Bordeaux |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>9/4/2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.